```
                    UNITED STATES DISTRICT COURT

               FOR THE SOUTHERN DISTRICT OF CALIFORNIA


UNITED STATES OF AMERICA,       .
                                .
              Plaintiff,        . August 27, 2015
                                . 10:14 a.m.
         v.                     .
                                .
ROSA BARRERA-GONZALEZ,          . 15-mj-02554-NLS
                                .
              Defendant.        . San Diego, California
. . . . . . . . . . . . . . . .


     TRANSCRIPT OF SHACKLING DISCUSSION AT DETENTION HEARING
              BEFORE THE HONORABLE NITA L. STORMES
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiff:       United States Attorney's Office
                         By: ANDREW YOUNG, ESQ.
                         880 Front Street, Room 6293
                         San Diego, California 92101


For the Defendant:       Federal Defenders of San Diego, Inc.
                         By: RICHARD DEKE FALLS, ESQ.
                         225 Broadway, Suite 900
                         San Diego, California 92101

Interpreter:             Deborah Berry
                         Certified Spanish Interpreter


Transcriber:             Chari L. Possell, RPR, CRR
                         USDC Clerk's Office
                         333 West Broadway, Suite 420
                         San Diego, California 92101


Recorded by Electronic Recorder, Transcribed by Computer.
```

```
 1         SAN DIEGO, CALIFORNIA; AUGUST 27, 2015; 10:14 A.M.
 2                              -o0o-
 3         THE CLERK:  Case Numbers 14-mj-3946, United States v.
 4  Steven Doyle Burton; 15-mj-2287, United States v. Eduardo Lalo
 5  Espino; 15-mj-2546, United States v. Juan Perez-Padron;
 6  15-mj-2554, United States v. Rosa Barrera-Gonzalez; 15-mj-2558,
 7  United States v. Gerardo Villanueva-Alduenda; and 15-mj-2572,
 8  United States v. Angel Rodriguez.
 9       All these matters are on calendar for detention hearings.
10  Is there a stipulation to the detention?
11         THE INTERPRETER:  Good morning, Your Honor.  Deborah
12  Berry interpreting.
13       (Defendants entered the courtroom.)
14         THE COURT:  Good morning.  Thank you.
15       May I have the appearance of counsel on Number 2, for
16  Steven Doyle Burton?
17         MR. COTSIRILOS:  Jack Cotsirilos on behalf of Steven
18  Doyle Burton.
19         MR. YOUNG:  Andrew Young for the United States on all
20  calendar matters unless otherwise noted.
21         THE COURT:  Thank you.
22       May I have the appearance of counsel on Number 4, for
23  Eduardo Lalo Espino?
24         MS. BRAUER:  Good morning, Your Honor.  Inge Brauer
25  on behalf of Mr. Espino.
```

```
 1                THE COURT:  Thank you.
 2          May I have the appearance of counsel on Number 5, for Juan
 3  Perez-Padron?
 4                MR. SILLDORF:  Good morning, Your Honor.  David
 5  Silldorf on his behalf.
 6                THE COURT:  Thank you.  Good morning.
 7          May I have the appearance of counsel on Number 6, for Rosa
 8  Barrera-Gonzalez?
 9                MR. FALLS:  Deke Falls, Federal Defenders.
10                THE COURT:  Thank you.
11          May I have the appearance of counsel on Number 10, for
12  Gerardo Villanueva-Alduenda?
13                MR. BERG:  Good morning, Your Honor.  Michael Berg on
14  his behalf.  I will make a general appearance at this time.
15                THE COURT:  All right.  It is my understanding that
16  in each of these cases --
17                THE CLERK:  Your Honor, I think we forgot one.
18                MS. SLOVITER:  Sarah Sloviter, Number 11.
19                THE COURT:  Yes.  May I have the appearance of
20  counsel on Number 11, for Angel Rodriguez?
21                MS. SLOVITER:  Good morning, Your Honor.  Sarah
22  Sloviter, special appearing for Brian White, on behalf of Angel
23  Rodriguez.
24                THE COURT:  Thank you.
25          It's my understanding that on each of these cases, with
```

```
 1  the exception of Number 4, there is a stipulation to detention.
 2       So with the exception of Mr. Espino, ladies and gentlemen,
 3  each of you is scheduled for a detention hearing this morning.
 4  Your attorneys indicated that you are willing to waive your
 5  right to that hearing today and agree to be detained.  That
 6  would be without prejudice to your right at a future date to
 7  request bond conditions.  So when I call on you individually, I
 8  am going to be asking you if that's how you want to proceed.
 9       So, beginning with Mr. Steven Doyle Burton, sir, is that
10  how you want to proceed?
11            THE DEFENDANT:  Yes.
12            THE COURT:  And Mr. Juan Perez-Padron, is that how
13  you want to proceed, sir?
14            THE DEFENDANT:  Yes.
15            THE COURT:  All right.  Thank you.
16       Ms. Rosa Barrera-Gonzalez, is that how you want to proceed
17  ma'am?
18            MR. FALLS:  Your Honor, if we could come back to
19  this, I would like to be heard on the issue of her being placed
20  in five-point restraints.
21            THE COURT:  Well, I am doing these as a group.  If
22  you want to be heard on that, we are going to take her back,
23  and we will take her individually.
24            MR. FALLS:  Okay.  We will take her individually.
25            THE COURT:  All right.
```

```
 1          (Defendant exited the courtroom.)
 2          (Unrelated proceedings had, recorded but not transcribed
 3   herein.)
 4          THE CLERK:  Re-calling matter number 6 on calendar,
 5   Case number 15-mj-2554-NLS, United States v. Rosa
 6   Barrera-Gonzalez, on the calendar for detention.
 7          MR. FALLS:  And Deke Falls, again, Federal Defenders.
 8          THE COURT:  Good morning.
 9          MR. FALLS:  Good morning.
10       (Defendant entered the courtroom.)
11          THE COURT:  Ms. Barrera-Gonzalez, good morning again.
12   This matter --
13          THE DEFENDANT:  Good morning.
14          THE COURT:  This matter is set for a detention
15   hearing this morning.  I understand there's a stipulation to
16   detention.
17          MR. FALLS:  There is a stipulation to detention, Your
18   Honor.
19          THE COURT:  All right. Ms. Barrera, you are
20   scheduled for a detention hearing this morning.  Your attorney
21   has indicated that you are willing to waive your right to that
22   hearing today and agree to be detained.  That would be without
23   prejudice to your right at a future date to request a bail
24   condition.  Is that how you want to proceed, ma'am?
25          THE DEFENDANT:  Yes.
```

5

1           THE COURT:  All right.  Then I will ask the Assistant
2  U.S. Attorney to prepare the court's order of detention and
3  have that to me and defense counsel by close of business on
4  Monday.
5      The preliminary hearing is presently set for September 3.
6           MR. FALLS:  Your Honor, I am moving to continue that.
7  And at some point, I do want to be heard on the leg restraints.
8           THE COURT:  All right.
9      Ms. Barrera, you are scheduled for a preliminary hearing
10 on September 3.  Your attorney has asked to continue that date
11 to September 17 so that he can review the Government's evidence
12 against you and discuss a possible resolution of your case.
13     Do you agree to a continuance to September 17 for those
14 reasons?
15          THE DEFENDANT:  Yes.
16          THE COURT:  All right.  Then the Court will continue
17 the preliminary hearing date to September 17 at 9:30 in the
18 morning.
19     Now, Mr. Falls?
20          MR. FALLS:  Thank you, Your Honor.
21     For the record, Ms. Barrera, when she came out earlier,
22 was in five-point restraints, and I note that now she is in leg
23 restraints.  She is no longer in five-point restraints.  But I
24 still do object to her being placed in leg shackles, Your
25 Honor.

1        The shackling policy in the Southern District was vacated
2   by the Ninth Circuit this week, and the reasons that the courts
3   and the marshals and the United States, in its briefing,
4   advanced for the shackling policy were all presented to the
5   Ninth Circuit in *Sanchez-Gomez*, and the Ninth Circuit rejected
6   those reasons.  The Ninth Circuit cited the *Howard* opinion and
7   said they had only approved of shackling in that case, and it
8   was very -- it was leg shackles at the initial appearance, and
9   it was very specific to that courtroom, which was not ever
10  meant to be a courthouse.  It was a modified office building,
11  and so the layout of the courtroom itself was never really
12  appropriate to accommodate a large influx of defendants in
13  criminal cases.
14       And the Ninth Circuit said, under those circumstances,
15  because they were brought in a group at their initial
16  appearance, it was okay to place them in leg shackles.  What
17  the Ninth Circuit did not say is that -- that it's okay for
18  this district to place defendants in leg shackles for all of
19  their court hearings.  That was not approved of in
20  *Sanchez-Gomez*.
21       So in the absence of a policy that has been approved in
22  this district, I think there should be -- or I am requesting an
23  individualized determination that she presents either a risk to
24  the folks in the courtroom or an immediate risk of flight,
25  which I don't think could be met, Your Honor.

```
 1          She's 35 years old, a mother of four, hairdresser -- she
 2   is a hairdresser, with no criminal record.  So I do not believe
 3   there would be any justification for having her brought out in
 4   leg shackles either in this proceeding or any other future
 5   proceeding, other -- other -- without circumstances showing
 6   that she does present such a risk.  I think it's undignified to
 7   her.  She is entitled to the presumption of innocence.  And I
 8   think it's disrespectful to the proceedings and our system of
 9   justice to have her brought out in shackles when she is
10   presumed innocent.
11          THE COURT:  All right.  The Court has already stated
12   its reasons for proceeding with full shackles in initial
13   appearances and determining, as to noninitial appearances, how
14   the Court will proceed in any particular proceeding.
15        The reason that Ms. Barrera was brought out this morning
16   in full shackles was because the Court had five individuals
17   that I was handling as a group for a short matter, stipulations
18   to detention.  I have been advised by the marshals that they
19   will bring out no more than three individuals at a time in leg
20   shackles, so I opted to handle the group in full shackles.
21        When there was an objection to that on behalf of
22   Ms. Barrera, I had her brought back individually, not in full
23   restraints but rather in leg shackles only.  Now there's been
24   an objection to the leg shackles.
25          The Court has already stated its reasons for approving, at
```

1  least in duty court, the shackling policy of the United States
2  Marshal Service.  I am not going to revisit that here today.  I
3  made a full record yesterday, and you are welcome to refer to
4  that record for the reasons, the safety concerns, as delineated
5  by this Court.
6       So as far as any motion to remove the leg shackles, that's
7  denied.
8       And the next court appearance for Ms. Barrera will be
9  September 17 at 9:30 in the morning for preliminary hearing.
10      Thank you very much.
11          MR. FALLS:  Thank you, Your Honor.
12          THE COURT:  You are welcome.
13      (End of proceedings.)
14                              -o0o-

```
 1                    C-E-R-T-I-F-I-C-A-T-I-O-N
 2
 3          I hereby certify that I am a duly appointed,
 4   qualified and acting official Transcriber for the United States
 5   District Court; that the foregoing is a true and correct
 6   transcript of the proceedings had in the aforementioned cause;
 7   that said transcript is a true and correct transcription of my
 8   stenographic notes of the recorded proceedings; and that the
 9   format used herein complies with rules and requirements of the
10   United States Judicial Conference.
11          DATED:  August 31, 2015, at San Diego, California.
12
13                              /s/  Chari L. Possell
                                _____
14                              Chari L. Possell
                                CSR No. 9944, RPR, CRR
15
16
17
18
19
20
21
22
23
24
25
```